## J. M. SMUCKER CO. v. KEYSTONE STORES CORPORATION.

### No. 2424.

District Court, W. D. Pennsylvania.

May 6, 1935.

Orris Bennett, Sp. Asst., of Pittsburgh, Pa., for the United States and Collector of Internal Revenue.

Campbell, Wick, Houck & Thomas, of Pittsburgh, Pa., for receiver.

SCHOONMAKER, District Judge.

The United States presented to the special master for payment out of the funds in the hands of the receiver, an income tax claim of $36,795.92 for the year 1928, with interest thereon from August 23, 1930. The receiver objected to allowance of claim, and the special master, after hearings, disallowed it.

The case now comes into the court on exceptions to the special master's report for the disallowance of this claim.

The question involved is whether or not the defendant, Keystone Stores Corporation, which came into corporate existence on September 21, 1927, as a result of the merger of the Keystone Grocery & Tea Company, a Pennsylvania corporation, with the Unity Grocery Corporation, also a Pennsylvania corporation, would be entitled in the computation of its taxable income for the year 1928, to claim as a deduction from the gross income of $282,268.69 in 1928, a loss accruing in 1927 of $569,080.56 suffered by the Keystone Grocery & Tea Company.

The master found that for all practical purposes the new corporation, the Keystone Stores Corporation, was the same entity as the old corporation, the Keystone Grocery & Tea Company, and therefore entitled to claim the deduction of the loss suffered by the Keystone Grocery & Tea Company in the year 1927.

We are unable to agree with this conclusion. The Keystone Grocery & Tea Company was incorporated September 17,

1917, and operated a chain of general grocery stores. The Boulevard Building Corporation was incorporated March 15, 1925, and operated a merchandise warehouse. The Keystone Grocery & Tea Company owned all of its capital shares. The Unity Grocery Corporation was incorporated under the laws of Pennsylvania on June 1, 1927, and owned and operated one grocery store. The new defendant, the Keystone Stores Corporation, was the result of the merger and consolidation of the Keystone Grocery & Tea Company and the Unity Grocery Corporation. This consolidation was effected under the Pennsylvania Act of May 3, 1909, as amended (15 PS Pa. § 421 et seq.), and Act July 12, 1919 (15 PS Pa. § 181 et seq.). The Keystone Stores Corporation, the Boulevard Building Corporation, and the Keystone Grocery & Tea Company filed a consolidated income tax return for the year 1927. The Keystone Stores Corporation and the Boulevard Building Corporation filed a consolidated return for the year 1928. It is on this 1928 return that the defendant is claiming the benefits of section 117 of the Revenue Acts of 1928 (26 USCA § 117 note), providing that a taxpayer may claim, as a deduction in his income tax return in a succeeding year, losses sustained the year previous. The master was of the opinion that this case was ruled by Industrial Cotton Mills Co. v. Com'r of Int. Revenue (C. C. A.) 61 F.(2d) 291, holding that although the new corporation was a distinct legal entity, it was to all practical intents and purposes a mere continuation of the old, and therefore entitled to the same deduction that the old company would have been entitled to, if the reorganization had not taken place.

The trouble is that the facts in this case are different. We have here a new corporation that came into existence as a result of the merger of the two corporations, only one of which suffered in 1927 the loss which the new corporation is claiming to charge against its income for the year 1928. We believe the case is ruled by New Colonial Ice Co. v. Helvering, Com'r of Inter. Rev., 292 U. S. 435, 54 S. Ct. 788, 790, 78 L. Ed. 1348. Construing section 204 (b) of the Revenue Act of 1921, 42 Stat. 227, 231, similar in text to the act here under consideration, the Supreme Court held that the 1921 statute brought an exceptional provision into the taxing law in its provision that where for one year "any taxpayer has sustained a net loss," the same shall be deducted from the net income "of 'the taxpayer'" for the succeeding taxable year. The Supreme Court said that these words were plain and free from ambiguity, and, taken according to their natural import, they meant that the taxpayer who sustained the loss was the one to whom the deduction should be allowed. On the contention that the new corporation was for all practical purposes the same entity as the old one, the Supreme Court held that the two corporations were not identical, but distinct. The same rule must be applied here.

Our own Circuit Court of Appeals in Pennsylvania Co. v. Commissioner of Internal Revenue, 75 F.(2d) 719, 721, held to the same effect in passing on the status of a merged Pennsylvania corporation, Judge Woolley saying: "It is clear from reading the Pennsylvania Act (whose substance we have given) that the legislature intended that by a merger or consolidation of several Pennsylvania corporations the result shall be a 'new corporation,' which, according to judicial interpretation by courts of that state, is 'an entity entirely distinct from that of its constituents. It draws its life from the act of consolidation.' Pennsylvania Utilities Co. v. Public Service Commission, 69 Pa. Super. 612; Continental Ins. Co. v. Reading Co. (Continental Ins. Co. v. United States), 259 U. S. 156, 176, 177, 42 S. Ct. 540, 66 L. Ed. 871. 'Upon consolidation thereunder the constituent companies are deemed dissolved. * * * "From the time of the completion of said merger the constituent companies cease to exist," they have no legal identity or corporate existence.' Pennsylvania Utilities Co. v. Public Service Commission, supra; Petry v. Harwood Electric Co., 280 Pa. 142, 124 A. 302, 33 A. L. R. 1249. Thus it would seem on this plain judicial interpretation of Pennsylvania statutory law that the petitioning consolidated corporation (the new Pennsylvania Company) is the 'taxpayer,' separate and distinct from its predecessors, and that, like any other taxpayer, it can deduct only its own losses from its own gains in computing its income taxes, and that the Commissioner and the Board of Tax Appeals were right in disallowing a deduction of losses of one constituent corporation from gains of the consolidated corporation."

The master thought, too, that the question at issue in the instant case was res

288

adjudicata by reason of the fact that for the portion of the year of 1927 from September 21 to December 21, the Board of Tax Appeals held that the Keystone Stores Corporation, the Keystone Grocery & Tea Company, and the Unity Grocery Corporation were entitled to file a consolidated tax return. We cannot see that the same issue is involved, and therefore there could be nothing upon which to pass a judgment of res adjudicata. We are dealing here with the taxable income of a new corporation for the year 1928; and the fact that for the portion of the year 1927 the three corporations involved were permitted to file a consolidated return, is not the identical question before the court now.

We will sustain the exceptions to the special master's report and allow the tax claim presented by the government. An order may be submitted accordingly.